**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MOHAMMED CHIHANI,

    Plaintiffs,

v.

C J & Z FOOD STORE INC, a Florida Profit Corporation, 1ST AND HURON FOOD STORE INC, a Florida Profit Corporation, and RAHMOUN "RAYMOND" JOUDI, Individually,

    Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MOHAMMED CHIHANI (hereinafter "Plaintiff"), files this Complaint against Defendants, C J & Z FOOD STORE INC. ("C J & Z"), a Florida Profit Corporation, 1ST AND HURON FOOD STORE, INC. ("1st and Huron"), a Florida Profit Corporation, and RAHMOUN "RAYMOND" JOUDI ("Joudi"), individually, (collectively, "Defendants"), and states as follows:

### JURISDICTION

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.,* hereinafter referred to as the "FLSA") to recover unpaid minimum wages, overtime compensation, an additional and equal amount as liquidated damages, and reasonable attorney's fees and costs.

2.    The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

3.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, and/or a substantial part, of the events giving rise to Plaintiffs' claims occurred in Duval County,

Florida, located within the Middle District of Florida.

## PARTIES

4. At all times material hereto, Plaintiff was a resident of Duval County, Florida.

5. At all times material hereto, Defendant C J & Z was a Florida Profit Corporation engaged in business in Florida, with a principal place of business in Duval County, Florida.

6. At all times material hereto, Defendant 1ST and Huron was a Florida Profit Corporation engaged in business in Florida, with a principal place of business in Duval County, Florida.

7. Upon information and belief, at all times material hereto, Defendant Joudi was an individual resident of the State of Florida.

8. At all times material hereto, Defendant Joudi was an "employer" as defined by 29 U.S.C. § 201, *et seq.*

9. At all times material hereto, Defendant Joudi was the President of C J & Z and 1ST and Huron, and owned and operated C J & Z and 1ST and Huron.

10. At all times material hereto, Defendant Joudi had the authority to hire and fire employees of C J & Z and 1ST and Huron.

11. At all times material hereto, Defendant Joudi regularly determined the rates of pay for the employees of C J & Z and 1ST and Huron.

12. At all times material hereto, Defendant Joudi regularly determined the work schedules for the employees of C J & Z and 1ST and Huron.

13. At all times material hereto, Defendant Joudi controlled the finances and operations of C J & Z and 1ST and Huron.

14. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

15. At all times material hereto, Plaintiff was an "employee" of Joudi within the meaning of the FLSA.

16. At all times material hereto, Defendants were, and continue to be "employers" within the meaning of the FLSA.

17. Defendants, C J & Z and 1ST and Huron (hereinafter collectively referred to as "the entities"), have joined and combined to form and constitute a single enterprise and/or joint employer by:

    a. Performing related activities, *i.e.* the operation of Convenience Stores;

    b. Exercising unified operation or common control over Plaintiff;

    c. Operating for a common business purpose;

    d. Acting directly or indirectly in the interest of each other with respect to Plaintiff;

    e. Agreeing to share employee's services;

    f. Sharing common offices, common record keeping, and equipment;

    g. Sharing common ownership and financial control;

    h. Sharing common management and company policies; and

    i. The entities are not completely dissociated with respect to the employment of Plaintiff and those similarly situated, and may be deemed to share control of Plaintiff, directly or indirectly, by reason of the fact that each corporation is owned and operated by the same individuals, and operate for the same business purpose.

18. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

19. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

20. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including, *inter alia*, computers, telephones, and cash registers, which were used directly in furtherance of Defendants' commercial activity of operating convenience stores.

21. At all times material hereto, Plaintiff was 'engaged in commerce' and was subject to the individual coverage of the FLSA, by virtue of his handling or otherwise working on goods or materials that had been moved in commerce and which were used directly in furtherance of Defendants' commercial activity of running convenience stores.

22. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

23. Defendants operate convenience stores in the greater Jacksonville, Florida area.

24. One of the convenience stores is located at 1097 Melson Avenue, Jacksonville, Florida 32254.

25. Defendants' 1097 Melson Avenue location is called CJ's Deli and Food Mart.

26. CJ's Deli and Food Mart is incorporated as C J & Z Food Mart, Inc.

27. CJ's Deli is owned and operated by Rahmoun "Raymond" Joudi.

28. Another one of Defendants' convenience stores is located at 1098 Huron Street, Jacksonville, Florida 32254.

29. The 1098 Huron Street location is called People's Food.

30. People's Food is incorporated as 1st & Huron Food Store, Inc.

31. People's Food is owned and operated by Rahmoun "Raymond" Joudi.

32. Plaintiff worked for Defendants from approximately 2006 through March 2019 as a cashier.

33. Plaintiff worked at Defendants' 1097 Melson Avenue location from approximately 2006 through February 2018.

34. Plaintiff worked at Defendants' 1098 Huron Street location from February 2018 through March 2019.

35. Plaintiff's duties included operating the cash register, stocking shelves, and maintaining cleanliness of the store.

36. Plaintiff maintained the same duties throughout the duration of his employment.

37. In most, if not all work weeks, Plaintiff worked for Defendants in excess of forty (40) hours.

38. From approximately 2006 through February 2018, Plaintiff worked approximately seven (7) days each week.

39. From approximately 2006 through February 2018, Plaintiff worked from 7:00 a.m. through 11:00 p.m.

40. From approximately February 2018 through March 2019, Plaintiff worked approximately seven (7) days each week.

41. From approximately February 2018 through March 2019, Plaintiff worked from 10:00 a.m. through 11:00 p.m.

42. Plaintiff only took approximately ten (10) days off from work each year.

43. Despite of the significant number of overtime hours Plaintiff worked each week, Defendants only compensated Plaintiff $700.00 in cash each week.

44. Defendants failed to compensate Plaintiff at a rate of one and one-half times his regular rate of pay for all of the hours that he worked in excess of forty (40) hours in a given work week.

45. Additionally, due to the significant number of hours that Plaintiff worked each week, his regular rate of pay fell below the Florida minimum wage in most, if not all, work weeks.

46. Plaintiff should have been, and should be, compensated at a rate of one and one-half times his regular rate of pay for those hours that he worked in excess of forty (40) hours per workweek, as required by the FLSA, but Defendants failed to so compensate Plaintiff.

47. Plaintiff should have been, and should be, compensated at a rate not less than the Florida minimum wage for all of the hours that he worked each workweek, as required by the FLSA, but Defendants failed to so compensate Plaintiff.

48. Defendants have violated Title 29 U.S.C. §206 and 29 U.S.C. §207 in that:

   a. Plaintiff worked in excess of forty (40) hours per week during his period of employment with Defendants;

   b. No payments, or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of minimum wage and one and one-half times Plaintiff's regular rate for those hours that he worked in excess of forty (40) hours per work week as provided by the FLSA;

   c. Defendants failed to pay Plaintiff at least minimum wage in most, if not all

work weeks in violation of the FLSA;

d. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

49. Plaintiff realleges and reincorporates paragraphs 1 through 48 as if fully set forth herein.

50. Plaintiff worked in excess of forty (40) hours per week in most, if not all, work weeks while employed by Defendants.

51. Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for the hours that he worked in excess of forty (40) hours each workweek.

52. Plaintiff is entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours each work week.

53. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

54. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times their regular rate of pay for the hours that he worked in excess of forty (40) hours per work week when it knew, or should have known, such was, and is due.

55. Defendants have failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

56. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per

week, plus liquidated damages.

57. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## VIOLATION OF 29 U.S.C. § 206 MINIMUM WAGE

58. Plaintiff realleges and reincorporates paragraphs 1 through 48 as if fully set forth herein.

59. Plaintiff is entitled to be paid at least the Florida minimum wage for all hours worked in a workweek during his employment with Defendants.

60. Defendants failed to pay Plaintiff at least the Florida minimum wage for all of the hours that he worked in most, if not all work weeks.

61. Defendants had specific knowledge that it was paying sub-minimum wages to Plaintiff.

62. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for unpaid minimum wages, plus liquidated damages.

63. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

   a. An Order granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff the full amount of damages and liquidated damages available by law;

b. Overtime compensation for all hours worked over forty in a work week at the applicable time and one-half rate;

c. All unpaid minimum wages at the Florida mandated minimum wage rate;

d. An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

e. Awarding Plaintiff pre-judgment and/or post-judgment interest;

f. Reasonable attorney's fees, costs and expenses of this action as provided by statute; and

g. Such other relief to which Plaintiff may be entitled, at law or in equity.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated:  May 10, 2019.

/s/ *Chanelle J. Ventura*
Chanelle J. Ventura
Florida Bar No. 1002876
Morgan & Morgan, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
T: (954) 318-0268
F: (954) 327-3039
Email: cventura@forthepeople.com

***Attorney for Plaintiff***